UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

BRIAN D. FARABEE,

    Petitioner,

v.                                                      Civil Action No. 2:22cv279

SHERIFF OF DINWIDDIE COUNTY, *et al.*,

    Respondents[1].

**REPORT AND RECOMMENDATION**

This matter is before the Court on *pro se* Petitioner Brian D. Farabee's ("Petitioner") Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 ("the Petition"). ECF No. 1. The matter was referred to the undersigned United States Magistrate Judge ("the undersigned") pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B). ECF No. 6. For the reasons explained below, the undersigned recommends that Respondent's Motion to Dismiss, ECF No. 19, be **GRANTED IN PART**, and **DENIED IN PART**.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The Court received and conditionally filed a Petition for Writ of Habeas Corpus pursuant to Section 2241 on July 5, 2022. ECF No. 1. When Petitioner filed the Petition, he was detained at Central State Hospital ("CSH"). ECF No. 1, attach. 1. In his Petition, Petitioner contends various violations of his constitutional rights while he was confined at CSH. ECF No. 1 at 1–7.

---

[1] The proper respondent in a § 2241 habeas petition is "the person who has custody over the petitioner, namely, the person with the ability to produce the petitioner before the habeas court." *Kanai v. McHugh*, 638 F.3d 251, 255 (4th Cir. 2011) (citing 28 U.S.C. § 2242, 2243 and *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004)). Accordingly, here, the only proper Respondent is Nelson Smith, the Commissioner of the Virginia Department of Behavioral Health and Development Services.

1

Petitioner alleges that he was moved between CSH and Eastern State Hospital ("ESH") following his release from prison in 2020. *Id.* at 2–3. At the time of his Petition, Petitioner contends he was detained at CSH, and "has yet to receive the DBT treatment clinically recommended for him and which the Fourth Circuit ruled Petitioner has a constitutional right to." *Id.* at 3.

Petitioner further contends that while he was at CSH, he was attacked by two other patients on June 2, 2022, and his "treatment team" along with Respondent Nelson Smith, are "moving forward with efforts to imprison Petitioner at jail" for the incident. *Id.* at 4. Petitioner contends that although he was attacked by another patient, CSH employees are "asserting falsely [that] Petitioner was the aggressor in the incident" and the CSH employees are:

> ignoring and failing to preserve exculpatory evidence such as video feed Petitioner referenced in complaints…and the fact he[]s suffered injuries that are serious for which he[]s been sent to the hospital for, and despite being recommended orthopedic surgery for injury to his neck, and shoulder, CSH medical staff have and are intentionally denying it, or creating circumstances that[] prevent Petitioner from receiving it.

*Id.* at 5. Petitioner contends that individuals at CSH are not reporting his injuries from the incident on June 2, 2022, to prevent Petitioner from filing or having charges filed for being attacked. *Id.* at 6. Petitioner contends that CSH made Petitioner out to be the aggressor in the incident, and he is now being prosecuted for the incident in Dinwiddie County General District Court. *Id.* at 5–6. Further, Petitioner states he is being denied the right to counsel to represent him during the proceedings in Dinwiddie General District Court. *Id.* at 6. Petitioner contends that an arraignment hearing was held on June 16, 2022, and he was not provided counsel to defend him during the proceedings. *Id.*

Based on this factual background, the Petition asserts two claims for habeas relief, as outlined in detail below.

<u>Claim One</u>: "Undue bodily restraint in the form of isolation at CSH and penal institution,

2

and denial of treatment clinically recommended... Violation of Due Process, Fourteenth Amendment." ECF No. 1 at 7. In support of this claim, Petitioner states that:

> his confinement at CSH and any penal institution breaches the state's or respondent[']s 'obligation' to provide D[ialectical] B[ehavior] T[herapy] ["DBT"] – which inherently includes – Petitioner's placement in a mental hospital – not imprisoned in VDOC – so he can receive said treatment in living conditions that promote rather than detract his chances in living with fewer restrictions, in direct violation of his rights to such treatment and to be free from unnecessary bodily restraints clearly established under the due process clause of the 14th Amendment to the U.S. Constitution.[2]

ECF No. 1 at 7–8.

<u>Claim Two</u>: "Denial of right to counsel; malicious prosecution." ECF No. 1 at 8. In support of this claim, Petitioner contends he is "being prosecuted in Dinwiddie without assistance of effective counsel," which "violates the due process clauses of the 5th, 6th, and 14th amendments; and his right to effective counsel." ECF No. 1 at 8–9. Petitioner further contends that:

> the Office of the Dinwiddie [County] Commonwealth's Attorney, together with CSH DPS, and State Police, are knowingly opting to wrongfully and unlawfully prosecute Petitioner in the face of evidence he is innocent of the alleged offense of malicious wounding (Va. Code. 18.2-51); in violation of his due process rights promulgated under the 5th and 14th Amendments of the U.S. Constitution . . . [and] the Dinwiddie County Court system together with its Commonwealth attorney are illegally prosecuting [Petitioner] out of retaliation for having its prior illegal

---

[2] Further in support of this claim, Petitioner cites his own prior proceeding before the Fourth Circuit, in which the Fourth Circuit held:

> Under the circumstances here, Virginia, by committing Farabee, undertook the responsibility to provide him with adequate medical care but failed to do so, instead opting to incarcerate and reincarcerate him for the past two decades. Farabee has sufficiently alleged that state officials long denied him the one treatment—dialectical behavior therapy ("DBT")—recommended by professional medical personnel. Indeed, in a separate appeal, [*Farabee v.*] *Yaratha*, 801 F. App'x [97,] 100 [4th Cir.2020], another panel recognized that "it was undisputed that Farabee had asked for but never received DBT" despite the recommendations of two psychologists and a psychiatrist.

*Farabee v. Clarke*, 967 F.3d 380, 394 (4th Cir. 2020).

3

convictions on Petitioner overturned by the Fourth Circuit.

*Id.* at 9. Petitioner argues that the "vexative litigation violations [his] rights to engage in protected litigative activity without being retaliated against under the 1st Amendment, and his right to due process before being denied such under the 14th Amendment of the U.S. Constitution. *Id.* at 10.

Petitioner filed a motion for leave to amend his Petition, which the Court granted and construed as a supplement to the Petition (the "Supplemental Petition").[3] ECF No. 13, 16. In his factual background, Petitioner noted that he was moved to Eastern State Hospital in August 2022,[4] and that "he is being held in unsafe and/or unconstitutional living conditions at ESH." *Id.* Petitioner additionally sought to add two respondents to his Petition – ESH Director Daniel Herr, and his psychiatrist Doctor Ross. *Id.* The Court construes the Supplemental Petition to raise the following claims:

Claim Three: Petitioner is "being held in conditions that violate his rights to be free from unnecessary bodily restraint in the form of isolation, and chemical and mechanical restraints" at ESH. ECF No. 13 at 3.

Claim Four: Petitioner is "being denied treatment of which formed the basis of his involuntary commitment – DBT – needed or him to develop behavior in order to progress." ECF No. 13 at 3. Petitioner contends he "is being deprived of living conditions that promote rather than detract from his conditions of living with fewer restrictions on his movement" and his "rights are being violated by respondents." *Id.* at 4.

In the Petition, Petitioner requests habeas relief pursuant to § 2241 and requests that "the

---

[3] Petitioner additionally filed three amendments to his Petition that were accepted by the Court. In the first two submissions, Petitioner clarified that the name of one respondent in his original petition was not "Evan Nelson," and should be corrected to "Nelson Smith, Commissioner of the DBHDS." ECF Nos. 2, 3. In the third submission, Petitioner added the address of Respondent Linda M.H. Tomlin. ECF No. 7.
[4] Petitioner filed a notice of change of address on August 22, 2022, indicating he currently resides at 4601 Ironbound Road, Williamsburg, VA 23188, which is the address for ESH.

4

Court order respondents to place him at an institution in his own community – or in a private hospital – where he can receive DBT" and to "enjoin respondents from detaining or incarcerating Petitioner at CSH or any jail or prison, so that he can get the treatment 'he needs' and which the state has involuntarily 'committed him' for years to receive." *Id.* at 10. In his Supplemental Petition, Petitioner requests the Court "hold an evidentiary hearing to prove his living conditions are unconstitutional." ECF No. 13 at 4.[5]

Respondent Nelson Smith filed a Motion to Dismiss the Petition for Writ of Habeas Corpus and an accompanying memorandum in support on January 20, 2023. Therein, Respondent argues that the Petitions should be dismissed because "challenges to the fact or length of confinement are properly brought as civil rights actions." ECF No. 20 at 3 (citing *Plyer v. Moore*, 129 F.3d 728, 733 (4th Cir. 1997). Respondent contends that Petitioner's claims "relate only to the conditions of his confinement, rather than to the legality or length of his confinement" and that such claims are not the proper subject for a writ of habeas corpus. *Id.* at 4. Respondent further cites the requirements for a § 2241 claim and states "[n]one of these apply to Mr. Farabee, who is confined to Central State Hospital." ECF No. 20 at 4–5.

Petitioner filed an opposition to the Motion to Dismiss, ECF No. 23. Therein, Petitioner argued that his claim is cognizable in habeas "since, in a conditions of confinement challenge, a petitioner inevitably contends that 'some aspect of his confinement has deprived him of a right to which he is entitled while in custody.'" ECF No. 23 at 5. In support of this proposition, Petitioner cites his appeal to the Fourth Circuit, *Farabee v. Clarke*, 967 F. 3d 380, 395 (4th Cir. 2020). Respondent filed a reply, stating that the exception Petitioner cites—"the imposition of segregated

---

[5] On August 16, 2022, Petitioner filed a case pursuant to 42 U.S.C. § 1983 that raises almost identical claims to the instant habeas petition. *Farabee v. Smith, et al.*, 2:22cv343, ECF No. 1 (E.D. Va. Aug. 16, 2022). Petitioner is now represented by counsel in that case, and filed an amended complaint again alleging similar allegations to the instant habeas petition. *Id.*, 2:22cv343, ECF No. 16 (E.D. Va. May 22, 2023).

confinement without elementary procedural due process and without just cause"—is inapplicable here. ECF No. 24 at 2. Accordingly, this matter is fully briefed and ripe for recommended disposition.

## II. STANDARDS OF REVIEW

Petitioner brings this action under 28 U.S.C. § 2241. A habeas petitioner is entitled to relief under § 2241 if he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *White v. Lambert*, 370 F.3d 1002, 1006 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010). It is well settled in the Fourth Circuit "that challenges to the fact or length of confinement are properly considered in the context of habeas corpus." *Plyler v. Moore*, 129 F.3d 728, 733 (4th Cir. 1997) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 487–88 (1973)). However, less well settled is whether a conditions of confinement challenge is properly brought in a habeas action pursuant to § 2241.

Mr. Farabee's past appeal of a § 2241 action to the Fourth Circuit is illustrative of several principles to help guide the undersigned's analysis in this case. *See Farabee*, 967 F.3d at 395. First, in Petitioner's past appeal to the Fourth Circuit, the Fourth Circuit reiterated that whether a petitioner can challenge his conditions of confinement through a habeas petition "is an unsettled question of law among our sister circuits" and "[w]e have yet to address this issue in a published opinion." *Id.*

Second, in Petitioner's past appeal, the Fourth Circuit found it unnecessary to address whether a conditions of confinement challenge is proper through a § 2241 petition because Mr. Farabee's claim "raised, at least in part" an issue the Fourth Circuit has previously held is proper grounds for federal habeas jurisdiction. Specifically, the Fourth Circuit explained, "[w]e have previously found that federal habeas jurisdiction exists to review 'the complaint of a federal

6

prisoner who is challenging not the validity of his original conviction, but the imposition of segregated confinement without elementary procedural due process and without just cause.'" *Id.* (citing *McNair v. McCune*, 527 F.2d 874, 875 (4th Cir. 1975) and *Varela v. Whalen*, 946 F.2d 888, 888 (4th Cir. 1991) (table)). The Fourth Circuit then determined that Mr. Farabee "raise[d], at least in part, this precise issue by illustrating that prison officials have used medication and solitary confinement to treat his mental illness and behavior, which has only worsened his physical and mental health." *Id.* The Fourth Circuit held that because Mr. Farabee's claim fell within a previously recognized ground for habeas jurisdiction, he adequately stated a substantive due process claim and the district court erred by dismissing it. *Id.*

Third, in finding that Mr. Farabee adequately raised a proper challenge under § 2241, in a footnote, the Fourth Circuit noted that "even when the Court concludes that a claim is not cognizable under § 2241, the Court can sua sponte consider the merits as a civil rights claim in some circumstances." *Id.* at n.10 (citing *Wilborn v. Mansukhani*, 795 F. App'x 157, 164 (4th Cir. 2019) (citing *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971) (per curium))).

Other cases from the Fourth Circuit further attempt to illustrate the limits of a cognizable § 2241 claim that presents a challenge to the petitioner's conditions of confinement. First, in *Rodriguez v. Ratledge*, another unpublished opinion, the Fourth Circuit held that a petitioner's transfer to a different facility was not a cognizable claim under § 2241 because it challenged "the conditions of [] confinement, not its fact or duration." *Rodriguez*, 715 Fed. App'x 261, 265 (4th Cir. 2017). Acknowledging that it has not directly addressed "whether a § 2241 petition may also be used to challenge conditions of confinement or whether such challenges must be brought as civil rights actions," the Fourth Circuit recognized that "courts have generally held that a § 1983 suit or a Bivens action is the appropriate means of challenging conditions of confinement, whereas

§ 2241 petitions are not." *Id.* at 266. Additionally, the Fourth Circuit explained in a footnote that it had the authority to consider petitioner's transfer to a different facility as a civil rights claim. *Id.* at n.3 (citing cases). Similarly, in another unpublished case, *Wilborn v. Mansukhani*, 795 Fed. App'x 157, 162–64 (4th Cir. 2019), the Fourth Circuit again relied on its past jurisprudence including *Rodriguez*, and held that a petitioner could not use § 2241 to challenge the constitutionality of a Bureau of Prisons Program Statement that was used to determine where he would be detained. The Fourth Circuit reiterated its "observation" that "courts have generally held that a § 1983 or *Bivens* action is the appropriate means of challenging conditions of confinement, whereas § 2241 petitions are not." *Id.* at 164 (citing *Rodriguez*, 715 F. App'x at 266). The Fourth Circuit then found that "[t]his case presents no basis to deviate from our previous holdings" and concluded that the petitioner's "claim seeking to have the [Bureau of Prisons] reconsider where he is being housed is one that would not fall within the scope of habeas corpus." *Id.* (citations omitted).

Indeed, as recognized by this Court, "while *Wilborn* is not binding, its holding is not new." *Toure v. Hott*, 458 F. Supp. 3d 387, 400 (E.D. Va. 2020) ("[a]bsent binding precedent, this Court agrees with the weight of published authority and the Fourth Circuit's unpublished decisions which hold that § 2241 is an improper vehicle for [] a [conditions of confinement] challenge."). In a number of unpublished per curium Fourth Circuit opinions, the Fourth Circuit has affirmed a district court's dismissal a § 2241 petition because it sought to challenge conditions of confinement on the grounds that such a claim was not cognizable in habeas. *See, e.g., Braddy v. Wilson*, 580 F. App'x 172, 173 (4th Cir. 2014) ("Because Braddy's petition alleged constitutional violations regarding only the conditions of his confinement and did not challenge the fact or duration of his sentence, his claims are more properly brought in an action pursuant to *Bivens*."); *Gambino v.*

*Warden of F.C.I. Gilmer*, 830 F. App'x 118 (4th Cir. 2020) (finding no reversible error where district court accepted recommendation of the magistrate judge to dismiss petitioner's § 2241 challenging the conditions of his confinement."); *Rodriguez v. Hudgins*, No. 21-6751, 2022 WL 2871907, at *1 (4th Cir. July 21, 2022) (finding no reversible error where district court accepted magistrate judge's recommendation to dismiss § 2241 petition claim that he was incorrectly assigned to a higher correctional facility as the result of a miscalculated custody level was a conditions of confinement challenge not cognizable under § 2241).

### III. DISCUSSION

In light of the above guidance, the undersigned addresses Petitioner's claims as follows:

<u>1. Claim One</u>

Claim One of the Petition alleges "Undue bodily restraint in the form of isolation at CSH and penal institution, and denial of treatment clinically recommended. . . Violation of Due Process, Fourteenth Amendment." ECF No. 1 at 7 (spelling and capitalization corrected). Petitioner's claim relates to his detainment at CSH. However, Petitioner is no longer detained at CSH, he is detained at ESH.

Article III of the U.S. Constitution limits the jurisdiction of federal courts to the adjudication of actual cases and controversies. U.S. Const. art. III, § 2, cl. 1. The requirement of ongoing controversy extends throughout the pendency of the action. *J.W. v. Knight*, 452 F. App'x 411, 414 (4th Cir. 2011) (citing *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). "'[A] case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *J.W.*, 452 F. App'x at 414 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969). Here, because Petitioner is no longer detained at CSH, but rather, ESH, his claim is moot and this court has no jurisdiction to consider Petitioner's claim related to his detention at CSH.

9

Accordingly, the undersigned **RECOMMENDS** Claim One be **DISMISSED WITH PREJUDICE.**

2. Claim Two

Claim Two of the Petition alleges ""Denial of right to counsel; malicious prosecution." ECF No. 1 at 8. In support of this claim, Petitioner contends he is "being prosecuted in Dinwiddie without assistance of effective counsel," which "violates the due process clauses of the 5th, 6th, and 14th amendments; and his right to effective counsel." ECF No. 1 at 8–9. Claim Two is premised on Petitioner's alleged prosecution in Dinwiddie County for Malicious Wounding. *Id.* at 9.

As explained above, Petitioner is only entitled to relief under § 2241 if he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). It is well settled in the Fourth Circuit "that challenges to the fact or length of confinement are properly considered in the context of habeas corpus," *Plyler v. Moore*, 129 F.3d 728, 733 (4th Cir. 1997), and less well-settled whether a conditions of confinement challenge is properly brought in a habeas action pursuant to § 2241, *Farabee*, 967 F.3d at 395.

Here, Claim Two does not allege that Petitioner is "in custody in violation of the Constitution or laws of the United States"—whether through a challenge to the fact or length of his confinement, or through his conditions of confinement. Rather, Claim Two appears to be related to Petitioner's alleged prosecution in Dinwiddie County, and his lack of representation in that prosecution. ECF No. 1 at 9. Because such a claim does not allege that Petitioner is in custody in violation of the Constitution or laws of the United States, it is not cognizable in § 2241 habeas relief. Accordingly, the undersigned **RECOMMENDS** Claim Two be **DISMISSED WITH PREJUDICE.**

3. Claim Three

Claim Three of Petitioner's claim, outlined in the Supplemental Petition, essentially reiterates his Claim One of the original petition, however, as specific to ESH. Therein, Petitioner contends he "is being held in unsafe and/or unconstitutional living conditions at ESH" and he is "being held in conditions that violate his rights to be free from unnecessary bodily restraint in the form of isolation, and chemical and mechanical restraints" at ESH. ECF No. 13 at 3.

It appears to the Court that Petitioner is attempting to place his claim within the narrow confines outlined by the Fourth Circuit in his previous appeal. *See Farabee v. Clarke*, 967 F.3d at 395. That is, Petitioner is attempting to argue that his conditions at ESH—namely, ESH officials are isolating and medicating him to treat his mental illness and behavior—allows him to pursue his claim through § 2241. In his opposition to the motion to dismiss, Petitioner more specifically alleges he:

> is confined on most days to a locked ward 24-hours a day, without therapeutic coping mechanisms such as music (his mp3 player), or electronic gaming devices – that he was permitted to have, or a T.V. . . . [and] [t]here are no providers that offer services on the unit to which petitioner is confined to; and the day-to-day isolation and privation is so deleterious as to have no place in accepted standards of professional practice.

ECF No. 23 at 2–3.

Respondent offers little by way of argument in his motion to dismiss, or in his reply brief, and Respondent's submissions are peculiar to the Court for several reasons. First, despite the Court granting Petitioner's Motion for Leave to Amend his Petition and construing his submission as a supplemental petition one month before Respondent filed his motion to dismiss, Respondent did not address the Supplemental Petition at all in his motion to dismiss. *See* ECF No. 16, 20. Rather, Respondent only addressed Petitioner's original petition. *See* ECF No. 20. Nonetheless, because Claim One in the original petition is essentially the same as Claim Three in the

11

Supplemental Petition except as with respect to ESH as opposed to CSH, the Court will consider Respondent's arguments for Claim One to apply to Claim Three. However, second, the Court also finds it peculiar that Respondent did not even cite Mr. Farabee's prior appeal before the Fourth Circuit for its substance, or the fact that the Fourth Circuit has reiterated that it is an "unsettled question among the circuits" whether a petitioner can challenge conditions of confinement through a habeas petition and that it has not addressed the issue in a published opinion. *Id.* at 3–4. Instead, Respondent states that the issue is "well settled," and argues in a rather conclusory fashion that Petitioner's "claims are not the proper subject of habeas relief." *Id.* Finally, when confronted with Petitioner's opposition to the motion to dismiss, which highlighted the Fourth Circuit's opinion in his prior appeal and argued that the language in the opinion supports federal habeas jurisdiction in this case, the Respondent simply stated, again in a conclusory fashion without any analysis, that "[t]his does not fit within the area defined by the Court in *Farabee v. Clarke*." ECF No. 24 at 2.

Thus, faced with Petitioner's credible argument and almost no meaningful response from Respondent, the Court finds that at best, it is unclear whether Petitioner's Claim Three falls within the confines outlined by the Fourth Circuit in *Farabee v. Clarke*. To reiterate, in *Farabee v. Clarke*, the Fourth Circuit determined that Mr. Farabee's claim that prison officials' use of medication and solitary confinement, which has only worsened his physical and mental health, fell within the scope of federal habeas jurisdiction as "the imposition of segregated confinement without elementary procedural due process and without just cause." *Farabee*, 967 F.3d at 395. Petitioner has somewhat alleged he is in segregated confinement (i.e., that he is being held "in the form of isolation and chemical restraints, ECF No. 13 at 3, and that he is confined on most days to a locked ward 24-hours a day, ECF No. 23 at 3), which could conceivably fall within the scope identified by the Fourth Circuit—"the imposition of segregated confinement without elementary

procedural due process and without just cause." However, under the unique circumstances of this case, the Court finds it most appropriate to recommend staying Claim Three of the instant petition, to allow Petitioner to pursue his claim through his pending § 1983 action, as discussed *infra*.

As explained, at best, it is unclear whether Claim Three falls within the confines outlined by the Fourth Circuit in *Farabee v. Clarke*. However, it is abundantly clear that a petitioner *may* challenge the conditions of his confinement through a civil rights claim. Indeed, courts in the Fourth Circuit dismiss § 2241 petitions challenging conditions of confinement and advise petitioners to file a civil rights complaint. *See, e.g., Bostick v. Weber*, Civil Action No. 21-2507, 2022 U.S. Dist. LEXIS 37646, at *6-7 (D. Md. Mar. 2, 2022) (dismissing petitioner's § 2241 petition because it challenged the conditions of confinement and providing petitioner with a copy of the court's civil rights complaint form); *Westine v. Warden, FMC Butner*, 774 F. App'x 820, 821 (4th Cir. 2019) (noting that the district court offered § 2241 petitioner the opportunity to convert his pending action to a *Bivens* civil rights action in order to challenge the conditions of his confinement). Albeit in unpublished opinions, the Fourth Circuit has, with the exception of Mr. Farabee's prior appeal, consistently affirmed that practice or affirmed the dismissal of § 2241 petitions on the grounds that they challenge the conditions of confinement. *See Braddy*, 580 F. App'x at 173; *Gambino*, 830 F. App'x 118; *Rodriguez*, 2022 WL 2871907, at *1. Moreover, the Fourth Circuit has stated that courts have the authority to consider conditions of confinement challenges as civil rights claims. *Farabee*, 967 F.3d at 395 ("we have also recognized that 'even when the Court concludes that a claim is not cognizable under § 2241, the Court can sua sponte consider the merits as a civil rights claim in some circumstances.'") (citing *Wilborn*, 795 F. App'x at 164 (citing *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971) (per curiam) (recognizing that courts may exercise discretion to construe a habeas petition attacking conditions of confinement

13

as a civil rights claim))); *Rodriguez*, 715 F. App'x 261, 266 n.3 (4th Cir. 2017) ("[t]his court has authority to sua sponte consider [petitioner's] challenge to his transfer as a *Bivens* civil rights claim.").

Importantly to this case, Petitioner currently has a § 1983 civil rights claim pending in this Court that raises almost identical claims to his instant habeas petition. *See Farabee v. Smith et al.*, 2:22cv343 (E.D. Va). Even more importantly, Petitioner is represented by counsel in his § 1983 claim, who entered his appearance in April 2023. *Id.*, 2:22cv343, ECF No. 12 (E.D. Va Apr. 20, 2023). Most recently on May 23, 2023, through counsel, Petitioner filed an Amended Complaint against employees of the Department of Behavioral Health Services ("DBHDS"). *Id.*, 2:22cv343, ECF No. 16 (E.D. Va May 22, 2023). Count III of the Amended Complaint alleges "Unnecessary Bodily Restraint, Isolation, Privation in Violation of the Fourth and Fourteenth Amendments to the United States Constitution" and Petitioner states that the defendants are "subjecting him to living conditions both dangerous and far more restrictive than his mental health needs justified, all in retaliatory violation of his substantive due process rights be free from unreasonable restraint under the established under the Fourth and Fourteenth Amendments of the U.S. Constitution." *Id.*, 2:22cv343, ECF No. 16 at 12. Petitioner's Amended Complaint requests that "the Court to enjoin the defendants from any future involuntary confinement of Farabee, from forcibly medicating him, and from any denial of necessary medical care, including but not limited to the provision of DBT, until further order of this Court." *Id.*, 2:22cv343, ECF No. 16 at 18. Thus, not only is a civil rights claim pursuant to § 1983 appropriate for redressing Petitioner's grievances, Petitioner has a case pending that raises the same issues, and where he is represented by counsel to pursue his relief.

Finally, the Fourth Circuit has recognized that "the district court's discretion to entertain habeas petitions and exercise the power of the writ is not boundless. '[P]rudential concerns, such

as comity and the orderly administration of criminal justice, may require a federal court to forgo the exercise of its habeas corpus power.'" *Timms v. Johns*, 627 F.3d 525, 530 (4th Cir. 2010) (citing *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation and internal quotation marks omitted) (additional citations omitted). Thus, "'even where a habeas court has the power to issue the writ,' the question remains 'whether . . . that power ought to be exercised.'" *Id.* (citing *Munaf*, 553 U.S. at 693)).

Under these circumstances, the Court finds it most appropriate to recommend staying Claim Three of the instant petition, to allow Petitioner to pursue his claim through his pending § 1983 action where he raises a nearly identical claim and is represented by counsel. However, should Petitioner not find appropriate relief through that claim, his habeas petition will remain pending to allow him the opportunity to advance his claim through the narrow confines of § 2241 proscribed by the Fourth Circuit. Accordingly, the undersigned **RECOMMENDS** that Claim Three be **STAYED**, and that Respondent's Motion to Dismiss be **DENIED WITHOUT PREJUDICE** with respect to Claim Three, pending the final determination in Petitioner's § 1983 case in this Court, *Farabee v. Smith et al.*, 2:22cv343 (E.D. Va).

Claim Four:

Claim Four, also outlined in Petitioner's Supplemental Petition, alleges he is "being denied treatment of which formed the basis of his involuntary commitment – DBT – needed or him to develop behavior in order to progress." ECF No. 13 at 3. Petitioner contends he "is being deprived of living conditions that promote rather than detract from his conditions of living with fewer restrictions on his movement" and his "rights are being violated by respondents." *Id.* at 4.

Unlike Claim Three, the undersigned finds that Claim Four is clearly a conditions of confinement challenge, and that it falls outside the scope identified by the Fourth Circuit in Mr.

15

Farabee's prior appeal—that is, Claim Four does not fall within the scope of federal habeas jurisdiction as "the imposition of segregated confinement without elementary procedural due process and without just cause." *Farabee*, 967 F.3d at 395. Courts in the Fourth Circuit have repeatedly held that "challenges to conditions of confinement, such as access to medical care, are not properly brought by way of Federal habeas corpus proceedings. *Harvey v. Commonwealth of Virginia*, No. 7:16cv92, 2016 WL 3829724, at *2 (W.D. Va. July 12, 2016) (citing *McCain v. Garrity*, No. 3:02cv435, 2002 WL 32362032 (E.D. Va. July 16, 2002)); *Reed v. Clarke*, No. 7:22cv257, 2022 WL 1960512, at *1 (W.D. Va. June 6, 2022) ("[c]hallenges to living conditions that the inmate encounters while in prison, including protection against contagious disease or medical care provided, fall well outside the core of habeas corpus subject matter . . . such matters must be raised, if at all, in a civil action for damages or injunctive relief."); *Vizcaino v. United States*, No. 7:23cv1, 2023 WL 3042303, at *2 (W.D. Va. Apr. 20, 2023) ("a § 2241 petition is not the proper vehicle for challenging his conditions of confinement. . . . [i]f [petitioner] believes that state prison officials are providing constitutionally inadequate medical care, he may file a civil rights action under 42 U.S.C. § 1983."). Because Claim Four is a more general conditions of confinement challenge falling outside that scope, it is not cognizable for federal habeas review.

Accordingly, the undersigned finds that Claim Four does not fall within the scope of federal habeas jurisdiction, and would more appropriately be pursued through a civil rights claim. Further, the undersigned notes that Petitioner is in fact also pursuing this claim through his pending civil rights claim. *See* 2:22cv343, ECF No. 12 (E.D. Va May 22, 2023). In his pending § 1983 action, Count VI alleges denial of medical care, based on "an express retaliatory policy within DBHDS, on information and belief, known to the defendants listed in this Count to deny not only the DBT for which he had been specifically committed, but any therapeutic care at all." *Id.*, 2:22cv343,

ECF No. 12 at 14 (E.D. Va May 22, 2023). Because Claim Four does not fall within the scope of federal habeas jurisdiction, the Court **RECOMMENDS** Claim Four be **DISMISSED WITHOUT PREJUDICE.**[6]

## IV. RECOMMENDATION

In light of the above analysis, the undersigned recommends that Respondent's Motion to Dismiss, ECF No. 19, be **GRANTED IN PART** and **DENIED IN PART**. Specifically, the Motion should be granted to the extent Claims One and Two should be **DISMISSED WITH PREJUDICE**, and Claim Four should be **DISMISSED WITHOUT PREJUDICE**. The Motion should be denied to the extent Claim Three should be **STAYED**, pending the outcome of Petitioner's civil rights claim, *Farabee v. Clarke*, 2:22cv343 (E.D. Va).

## V. OUTSTANDING MOTION

Petitioner filed a Motion for a Default Judgment on November 30, 2022. ECF No. 14. Therein, Petitioner requested a default judgment because Respondent failed to respond to the Petition after the Court ordered Respondent to do so. *Id.* As explained in the Court's December 21, 2022 Order, Respondent was never served with a copy of the Court's September 1, 2022 Service Order. ECF No. 16. Accordingly, the undersigned **RECOMMENDS** that Petitioner's Motion for a Default Judgment, ECF No. 14, be **DENIED**.

---

[6] Because Petitioner can pursue this claim through a civil rights action, it is dismissed without prejudice. *See Simpson v. Gomez*, No. 1:19-CV-68, 2020 WL 1303892, at *3 (N.D.W. Va. Mar. 19, 2020); *Gillette v. Terr. of the V.I.*, 563 F. App'x 191, 195 (3d Cir. 2014) ("The District Court therefore properly dismissed [petitioner's] § 2241 petition without prejudice to his asserting a civil rights claim at a later time.").

## VI. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, Petitioner is notified that:

1. Any party may serve on the other party and file with the Clerk of this Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is forwarded to the objecting party. *See* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure 6(a). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1954).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to Petitioner, and to counsel for Respondent.

/s/
Lawrence R. Leonard
United States Magistrate Judge

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
July 6, 2023